Eileen CHANG, Plaintiffs–Appellants,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; Amgen, Inc., Long Term Disability Plan, Defendants–Appellees.

No. 05–56329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed Aug. 17, 2007.

Lisa S. Kantor, Esq., Glenn R. Kantor, Esq., Kantor & Kantor, LLP, Northridge, CA, for Plaintiffs–Appellants.

Pamela E. Cogan, Esq., Kathryn C. Curry, Esq., Ropers, Majeski, Kohn & Bentley, Redwood City, CA, for Defendants–Appellees.

Before: TROTT and RAWLINSON, Circuit Judges, and MURGUIA *, District Judge.

## MEMORANDUM **

This case is an appeal from the district court's judgment in favor of Liberty Life Assurance Company of Boston ("Liberty") and Amgen, Inc., ("Amgen") Long Term Disability Plan (the "Plan") following a bench trial. In the appeal of her action seeking employee benefits and declaratory judgment under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, Appellant, Eileen Chang, contends that she is entitled to benefits, beyond those she received between 1999 and 2001, based on her 2004 "further and/or new claim" for benefits. The district court found reasonable Liberty's decisions to assign a March 2003 disability date to the 2004 request for benefits, and to deny Chang's claim be-

---

* The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause she was no longer covered under the Plan in 2003. We affirm the district court's decisions.

## I

■ Liberty agreed to consider Chang's 2004 claim for benefits as a "new" claim pursuant to Chang's counsel's request.[1] After agreeing to consider Chang's 2004 claim as a new claim, Liberty determined the disability date for Chang's 2004 request for benefits to be March 2003—the date of Chang's new doctor, Edward Hanzelik, M.D.'s chronic fatigue syndrome ("CFS") diagnosis. Liberty then denied Chang's claim for benefits finding that she was not in active employment in March 2003 and, therefore, Chang's new claim was not covered under the Plan.

Chang asserts that Liberty's denial of her 2004 request merely days after it was submitted shows that Liberty did not give it the requisite substantive review that her claim deserved and, therefore, that Liberty made this disability-date designation arbitrarily and capriciously. Chang further asserts that her date of disability (March 1999) was not the same as the date of her diagnosis (March 2003) and that the only thing that changed in March 2003 was the name given to her condition; everything else remained the same. Thus, Chang requests that the 2004 claim be treated as a new claim and that the new claim relate back to the original disability date of March 1999.

In opposition, Liberty contends that the only way the "new" claim actually could be a new claim would be to treat the date of the new diagnosis as the new date of disability. With this contention Chang would be ineligible for coverage because she was no longer an active employee in 2003 when she was diagnosed with CFS. Otherwise, if the "new" claim was based on the same symptoms as the original 1999 claim, then it was not a "new" claim but an untimely appeal of the 2001 termination of benefits.

We find Liberty's argument persuasive. Thus, Liberty's use of a March 2003 disability date, based on Dr. Hanzelik's diagnosis was reasonable. Furthermore, as the district court noted, once Liberty reviewed the applicable provisions and determined that Chang's 2004 claim was not covered by the policy because Chang was not an active employee in 2003, Liberty was not required to review the merits of Chang's 2004 claim for benefits based on a physical condition. Therefore, this Court upholds the district court's decision.

## II

■ Chang asks the Court to extend the application of the California notice-prejudice rule to ERISA administrative appeals. Chang asserts that "by denying a claimant the right to appeal based upon technical time limits, insurers effectively convert a sixty-day *appeal* deadline into a sixty-day *statute of limitations.*"

The Supreme Court has held that California's notice-prejudice rule is not preempted by ERISA and, in fact, applies to ERISA initial claims in California. *UNUM Life Ins. Co. of Am. v. Ward,* 526 U.S. 358, 364, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). The Supreme Court further held that the notice-prejudice rule applies to prevent an insurer from *initially denying* a late claim that was untimely submitted unless the insurer shows actual prejudice. *Id.* at 365–66, 119 S.Ct. 1380. The Supreme Court did not hold, however, that the notice-prejudice rule applies to a claimant's right to request *subsequent appellate review* of the insurer's decision.

1. It is unclear whether Liberty intended to consider Chang's 2004 claim as a "new" claim only or if it agreed to consider Chang's 2004 claim as a "new" claim in the alternative.

To date, the notice-prejudice rule has only been applied to initial notice and co-operation conditions of insurance policies. *Truck Ins. Exch. v. Unigard Ins. Co.,* 79 Cal.App.4th 966, 977, 94 Cal.Rptr.2d 516 (2000). There is no California nor federal case that has applied a notice-prejudice rule outside the initial review context. To extend the notice-prejudice rule to ERISA appeals would extend the rule substantially beyond its previous uses. This Court is not inclined to make such a significant and unprecedented extension of the rule.

### III

In sum, we uphold the district court's decision that Liberty's use of a March 2003 disability date was reasonable. Regarding California's notice-prejudice rule, we are not inclined to extend the rule beyond its use for initial claims by applying it to appellate review.

**AFFIRMED.**